## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

**ROBERT LUDLOW**,                          *   **CIVIL ACTION NO. 10-0818**
individually and on behalf of all others
similarly situated**,**

**vs.**                                     *   **JUDGE**
                                                **RICHARD T. HAIK, SR.**
**BP, PLC;**
**BP AMERICA, INC.;**
**ANTHONY HAYWARD;**                        *   **MAGISTRATE JUDGE**
**ANDY INGLIS;**                                **C. MICHAEL HILL**
**CARL-HENRIC SVANBERG;**
**H. LAMAR MCKAY;**
**WILLIAM CASTELL;**
**PAUL ANDERSON;**
**ANTONY BURGMANS;**
**CYNTHIA CARROLL;**
**and ERROLL B. DAVIS, JR.**

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## OF THE LUDLOW PLAINTIFFS FOR

## (1) APPOINTMENT AS LEAD PLAINTIFFS; AND

## (2) APPROVAL OF LEAD PLAINTIFFS' CHOICE OF COUNSEL

# TABLE OF CONTENTS

Page

I.    **INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   **PROCEDURAL BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Purchases of Shares. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    Filing of Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      C.    Notice to Class of Filing Complaint. . . . . . . . . . . . . . . . . . . . . . . 4

III.  **ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    The Ludlow Plaintiffs Should Be Appointed Lead Plaintiffs. . . . . . . 5

            1.    The Ludlow Plaintiffs Believe They Have the Largest Financial Interest in the Relief Sought by the Class That Relied on the Annual Report.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            2.    Proper Class Period . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            3.    The Ludlow Plaintiffs Are Qualified Under Rule 23.. . . . . . . . 9

                 a.    The Ludlow Plaintiffs' Claims Are Typical of the Claims of the Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                 b.    The Ludlow Plaintiffs Will Fairly and Adequately Represent the Interests of the Class   . . . . . . . . . . . . 12

      B.    This Court Should Approve the Ludlow Plaintiffs' Choice of Lead Class Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.  **CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Page(s)**

<u>**CASES**</u>

*Chiaretti v. Orthodontic Ctrs. Of Am., Inc.*
    No. 03-1027, 2003 U.S. Dist. LEXIS 25284 (E.D. La. Aug. 28, 2003).. . 6, 9

*Holley v. Kitty Hawk, Inc.*
    200 F.R.D. 275 (N.D. Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Lease Oil Antitrust Litig. (No. II)*
    186 F.R.D. 403(S.D.Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Pfizer Inc. Sec. Litig.*
    233 F.R.D. 334 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*In re Universal Access, Inc.*
    209 F.R.D. 379 (E.D. Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mullen v. Treasure Chest Casino, LLC*
    186 F.3d 620 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Piven v. Sykes Enterprises Inc.*
    137 F. Supp. 2d 1295 (M.D. Fla. 2003). . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Tarica v. McDermott Int'l, Inc.*
    No. 99-3831, 2000 U.S. Dist. LEXIS 5031(E.D. La. Apr. 13, 2000). . 10, 12

*Yousefi v. Lockheed Martin Corp.*
    70 F. Supp. 2d 1061 (C.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES & RULES

15 U.S.C. § 78u-4(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78u-4(a)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 9, 11, 13

Fed. R. Civ. P. 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12

## OTHER AUTHORITIES

H.R. Conf. Rpt. No. 104-369
        104th Cong. 1st Sess. (Nov. 28, 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Plaintiff Robert Ludlow ("Ludlow"), Peter D. Lichtman ("Lichtman"), Leslie J. Nakagiri ("Nakagiri"), and Paul Huyck ("Huyck") (referred to hereinafter as the "Ludlow Plaintiffs") respectfully submit this memorandum of law in support of their motion for an Order pursuant to 15 U.S.C. § 78u-4(a)(3)(B) of the Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

    (a)    appointing the Ludlow Plaintiffs as Lead Plaintiffs for the class of all persons who purchased American Depository Receipts in BP, plc between March 4, 2009 and April 20, 2010; and

    (b)    approving Lead Plaintiffs' selection of Cotchett, Pitre & McCarthy, Domengeaux Wright Roy & Edwards, and Fayard & Honeycutt, APC as Lead Counsel for the class.

## I.    <u>INTRODUCTION</u>

Pursuant to the PSLRA and Rule 23, the Ludlow Plaintiffs should be appointed as lead plaintiffs as they have the largest financial interest in the relief sought during the Class Period (March 4, 2009 to April 20, 2010) and are **qualified** to be class representatives because their claims are typical of the class and they will fairly and adequately represent the interests of the class.

1

Plaintiff Ludlow filed the <u>first securities class action complaint</u> in the country in this Court (the "Complaint").  The Complaint seeks to represent a class of persons who bought American Depository Receipts ("ADRs") in BP, plc ("BP") between March 4, 2009 and April 20, 2010 (the "Class Period") and relied upon the Annual Report.   The Complaint against BP, its U.S. subsidiary, and certain officers and directors, alleges that investors paid inflated prices for the ADRs based upon defendants' material misrepresentations and omissions made on or after <u>March 4, 2009,</u> and consequently suffered losses following the revelation of the truth behind BP's lackluster safety protocols in its important Gulf of Mexico operations.

## II.   PROCEDURAL BACKGROUND

### A.    Purchases of Shares

Collectively, the Ludlow Plaintiffs purchased 7,050 shares during the Class Period.  Plaintiff Ludlow purchased 200 shares of BP ADRs during the Class Period at a price of <u>**$52.15**</u> per share.  (A copy of Ludlow's certification is annexed to the Declaration of Mark C. Molumphy ("Molumphy Declaration") as Exhibit A.)  Lichtman, a member of the proposed class, purchased 4,850 shares of BP ADRs during the Class Period at an average share price of <u>**$54.71**</u>.  (A copy of

Lichtman's certification is annexed to the Molumphy Declaration as Exhibit B.) Nakagiri, a member of the proposed class, purchased 1,000 shares at **$59.50** per share.  (A copy of Nakagiri's certification is annexed to the Molumphy Declaration as Exhibit C.)  Huyck, a member of the proposed class, purchased 1,000 shares at **$58.89** per share.  (A copy of Huyck's certification is annexed to the Molumphy Declaration as Exhibit D.)

Accordingly, the Ludlow Plaintiffs believe they have the largest financial interest of any movant in this class action during the proper class period.

### B.    Filing of Complaint

On **May 21, 2010**, Plaintiff Ludlow filed the first class action complaint alleging securities fraud in his individual capacity and on behalf of others similarly situated.  The Complaint alleges that BP and certain of its officers and directors made false and misleading statements and/or omissions in violation of Sections 10(b) and 20(a) of the Exchange Act regarding its safety and risk management practices, including those relating to its extensive operations in the Gulf of Mexico.  The action is brought on behalf of all purchasers of BP ADRs who purchased shares between March 4, 2009 and April 20, 2010, or the Class Period.

3

The Complaint alleges that, contrary to BP's written assurances to investors in their **Form 20-F Annual Report filed March 4, 2009**, BP disregarded repeated warnings concerning its drilling operations, failed to implement appropriate safety or risk management practices, rendering it highly exposed in the event of an accident or other operational failure.  The Complaint further alleges that, in the months leading up to the Deepwater Horizon disaster, BP knew about and failed to correct breaches of safety protocols. Additionally, the Complaint alleges that BP's true practices were revealed on and after April 20, 2010, in the aftermath of the Deepwater Horizon disaster, and that, as a result, the price of BP ADRs dropped.

### C.    Notice to Class of Filing Complaint

On **May 21, 2010**, the undersigned, as counsel for Plaintiff Ludlow, published a notice to investors pursuant to the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  As required by the PSLRA, the notice advised purported class members of the pendency of the action, the claims asserted, and the <u>purported class period</u>.  *See id.*  The notice stated that "a class action lawsuit has been filed in the United States District Court for the Western District of Louisiana on behalf of all purchasers of American Depository Receipts ('ADRs') in BP, plc ('BP') between <u>March 4, 2009 and April 20, 2010</u>, inclusive (the 'Class Period')."  (A copy of the notice is annexed to the Molumphy Declaration as Exhibit E.)

4

The Ludlow Plaintiffs now timely move this Court to be appointed as the

Lead Plaintiffs in this class action and for their counsel to be selected as lead class

counsel.

## III.    <u>ARGUMENT</u>

### A.    **The Ludlow Plaintiffs Should Be Appointed Lead Plaintiffs**

The PSLRA sets forth the procedure for the selection of lead plaintiff in

"each private action arising under [the securities laws] that is brought as a plaintiff

class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §

78u-4(a)(1).  Section 21D(a)(3)(A)(i) of the PSLRA provides that within twenty

days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated
> national business-oriented publication or wire service, a notice advising
> members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the
> purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is
> published, any member of the purported class may move the Court to serve
> as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, Section 21D(a)(3)(B) directs the Court to consider any motion by a

purported class member to serve as lead plaintiff in response to any such notice,

5

including any motion by a class member who is not individually named as a

plaintiff in a complaint, within <u>ninety days</u> after the date of publication of the

notice pursuant to Section 21D(a), or as soon as practicable after the Court decides

any pending motion to consolidate any actions asserting substantially the same

claim or claims.  15 U.S.C. § 78u-4(a)(3)(B).

Under these sections, the court "shall" adopt a presumption that the most

adequate plaintiff is the applicant that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Chiaretti v. Orthodontic Ctrs. Of Am., Inc.*, No.

03-1027, 2003 U.S. Dist. LEXIS 25284, at * 3-4 (E.D. La. Aug. 28, 2003).

### 1. The Ludlow Plaintiffs Believe They Have the Largest Financial Interest in the Relief Sought by the Class That Relied on the Annual Report

As set forth above, the language of the PSLRA explicitly provides that the

movant with "the largest financial interest" is entitled to presumptive appointment

as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

6

Collectively, the Ludlow Plaintiffs purchased 7,050 shares as long-term investors during the Class Period based on representations in the Annual Report. Plaintiff Ludlow purchased 200 shares of BP ADRs at **$52.15** per share on January 4, 2010.  *See* Molumphy Declaration, Ex. A.  Lichtman purchased 4,850 shares of BP ADRs during the Class Period at an average share price of **$54.71**.  *See* Molumphy Declaration, Ex. B.  Nakagiri purchased 1,000 shares at **$59.50** per share.  *See* Molumphy Declaration, Ex. C.  Huyck  purchased 1,000 shares at **$58.89** per share.  *See* Molumphy Declaration, Ex. D.

The PSLRA expressly permits "a person or group of persons" to be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Courts have routinely aggregated claims of investors in appointing lead plaintiffs.  *See, e.g., Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 280 (N.D. Tex. 2001); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1067 (C.D. Cal. 1999).  Therefore, the aggregation of the Ludlow Plaintiffs' claims here is appropriate.

### 2.     Proper Class Period

The Ludlow Plaintiffs' 7,050 shares were purchased during the Class Period specified in the notice published to investors.  Courts have found the **class period in the notice** to be appropriate for purposes of determining largest financial interest.  *See, e.g., In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y.

2005); *Piven v. Sykes Enterprises Inc.*, 137 F. Supp. 2d 1295, 1303 (M.D. Fla. 2003).

In *Pfizer*, the court stated:

> I find that the use of the longer, unnoticed class period is improper. This longer class period would include many – perhaps thousands – more potential class members who were not apprised of their right to move to be appointed lead plaintiff in this action.  For the purpose of determining lead plaintiff, I use the noticed class period.

*Pfizer*, 233 F.R.D. at 337.

> Similarly, in *Piven*, the court stated:

> Most significantly, the District Court has not defined the applicable class period at this preliminary stage of the litigation.  The Undersigned will therefore apply the class period <u>as defined in the Complaint now before the Court</u>, as those dates were used in the published announcement notifying class members of this litigation and used by the movants in filing their motions for appointment as lead plaintiff.

*Piven*, 137 F. Supp. 2d at 1303. (Emphasis added.)

As noted above, the Class Period commences on March 4, 2009, which is the date of  BP's first complete <u>written</u> assurance of safety to investors in their **Form 20-F Annual Report,** filed on March 4, 2009.  The Ludlow Plaintiffs presently believe that they have the largest financial interest of any Lead Plaintiff Movant and are presumptively entitled to appointment as the Lead Plaintiffs.

8

### 3.     The Ludlow Plaintiffs Are Qualified Under Rule 23

The PSLRA provides that, in addition to possessing the largest financial interest, the lead plaintiff **must** also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Chiaretti v. Orthodontic Ctrs. Of Am., Inc.*, No. 03-1027, 2003 U.S. Dist. LEXIS 25284, at * 3-4 (E.D. La. Aug. 28, 2003).  This rule is mandatory and requires that the Court look beyond the financial loss as to whether the selected plaintiff can qualify under Rule 23.

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – **typicality** and **adequacy** – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the

9

Court should focus its inquiry to the **typicality** and **adequacy** prongs of Rule

23(a), and defer examination of the remaining requirements until the lead plaintiff

moves for class certification.  *In re Universal Access, Inc.*, 209 F.R.D. 379, 385

(E.D. Tex. 2002).  As detailed below, the Ludlow Plaintiffs satisfy the typicality

and adequacy requirements of Rule 23(a) and are qualified to be appointed as

Lead Plaintiffs.

> **a.      The Ludlow Plaintiffs' Claims Are Typical of the
> Claims of the Class**

Under Rule 23(a)(3), the claims or defenses of the representative party must

be typical of those of the class.  The Fifth Circuit has held that the "test for

typicality is not demanding.  It focuses on the similarity between the named

plaintiffs' legal and remedial theories and the theories of those whom they purport

to represent." *Tarica v. McDermott Int'l, Inc.*, No. 99-3831, 2000 U.S. Dist.

LEXIS 5031, at *14 (E.D. La. Apr. 13, 2000) (quoting *Mullen v. Treasure Chest

Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)).  Courts have recognized that

typicality exists if claims arise from the same event or course of conduct that gives

rise to claims of other class members and the claims are based on the same legal

theory. *Tarica*, 2000 U.S. Dist. LEXIS 5031, at *14.  The Ludlow plaintiffs relied

upon specific written representations in the Annual Report and those made

thereafter.

The Ludlow Plaintiffs' claims are typical of the claims of the members of the proposed class of whom they seek to represent, *i.e.*, those who purchased BP ADRs during the proper Class Period based upon similar representations. The Ludlow Plaintiffs and all class members must have identical, non-competing and non-conflicting interests in establishing defendants' liability. The Ludlow Plaintiffs satisfy the typicality requirement because, just like all other class members, they: (1) purchased or otherwise acquired BP ADRs during the applicable period relying on the Annual Report; (2) at inflated prices stemming from defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Ludlow Plaintiffs' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events– the reliance upon safety representations made in the Annual Report and thereafter.

The underlying transactions of the Ludlow Plaintiffs also make their claims typical of the claims of other members of the proposed class. Unlike investors who are in-and-out of the market, making purchases and sales on computer trading during the Class Period, or investors who make some of their purchases after the fraud was revealed, the Ludlow Plaintiffs are not susceptible to unique defenses relating to reliance and related issues. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

11

**b.    The Ludlow Plaintiffs Will Fairly and Adequately Represent the Interests of the Class**

Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class."  Adequate representation will be found if the representative is represented by able and experienced counsel, and the representative has no fundamental conflicts of interest with the interests of the class as a whole. *Tarica v. McDermott Int'l, Inc.*, 2000 U.S. Dist LEXIS 5031, at * 14 (citing *In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403, 421 (S.D.Tex. 1999)).  Here, the Ludlow Plaintiffs' interests are clearly aligned with those members of the class, who relied upon the Annual Report and there is no evidence of any antagonism between the Ludlow Plaintiffs and the class.  The Ludlow Plaintiffs share the same incentive as other members of the class in establishing defendants' liability and damages, and their claims are typical of the class. Additionally, the Ludlow Plaintiffs have retained competent and experienced counsel who are able to conduct this complex litigation in a professional manner. Thus, the close alignment of interests between the Ludlow Plaintiffs and the class combined with the Ludlow Plaintiffs' strong desire to prosecute this action on behalf of the class militates in favor of granting the instant motion.

12

**B.     This Court Should Approve the Ludlow Plaintiffs' Choice of Lead Class Counsel**

The applicable federal securities laws vest authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class." H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess. (Nov. 28, 1995).  The Ludlow Plaintiffs have retained the law firms of Cotchett, Pitre & McCarthy, Domengeaux Wright Roy & Edwards, and Fayard & Honeycutt, APC to serve as Lead Class Counsel. These firms have extensive experience litigating class actions, including securities class actions on behalf of injured investors.  (Copies of the firms' resumes are annexed to the Molumphy Declaration as Exhibits F, G, and H.)

**IV.    <u>CONCLUSION</u>**

For the reasons stated above, the Ludlow Plaintiffs respectfully request that the Court (1) appoint them as Lead Plaintiffs and (2) approve their selection of Cotchett, Pitre & McCarthy, Domengeaux Wright Roy & Edwards, and Fayard & Honeycutt, APC as Lead Class Counsel.

Dated: July 20, 2010

Respectfully submitted,

**COTCHETT, PITRE & McCARTHY**

By:  ___ s/ *Mark C. Molumphy* _____
Mark C. Molumphy (*pro hac vice*)
(CA Bar # 168009)
Joseph W. Cotchett (*pro hac vice*)
(CA Bar # 36324)
Nancy L. Fineman *(pro hac vice*)
(CA Bar # 124870)
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:   (650) 697-0577

By:  ___ s/ *James P. Roy* _____

James P. Roy (LA Bar. # 11511)
**DOMENGEAUX WRIGHT ROY &
EDWARDS**
556 Jefferson Street, P.O. Box 3668
Lafayette, LA 70502
Telephone: (337) 233-3033
Facsimile: (337) 233-2796

**FAYARD & HONEYCUTT, APC**
Calvin Fayard (LA Bar# 5486)
Blayne Honeycutt (LA Bar# 18624)
Wanda Edwards (LA Bar # 27448)
519 Florida Avenue, SW
Denham Springs, LA 70726
Telephone: (225) 664-4193

*Attorneys for Plaintiff, Movants, and
Proposed Lead Class Counsel*

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2010, a copy of the foregoing Memorandum of Law in Support of Motion of the Ludlow Plaintiffs for (1) Appointment as Lead Plaintiffs; and (2) Approval of Lead Plaintiffs' Choice of Counsel of was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants: SEE ATTACHED SERVICE LIST.

   *s/Mark C. Molumphy*

SERVICE LIST

## **Individual Defendants**

**H Lamar McKay**
11711 Empress Oaks Court
Houston, TX 77082

**Erroll B Davis, Jr**
2881 Peachtree Road, NE
Apt. 2403
Atlanta, GA 30305

**Anthony Hayward**
1st. James Sqaure
London SW1Y 4PD
United Kingdom

**Andy Inglis**
1st. James Sqaure
London SW1Y 4PD
United Kingdom

**William Castell**
Gibbs Building
215 Euston Road
London NW1 2BE
United Kingdom

**Carl-Henric Svanberg**
1 St. James Square
London SW1Y 4PD
United Kingdom

**Paul Anderson**
1 St. James Square
London SW1Y 4PD
United Kingdom

**Anthony Burgmans**
1 St. James Square
London SW1Y 4PD
United Kingdom

**Cynthia Carroll**
200 Carlton House Terrace
London SW1Y 5AN
United Kingdom

Courtesy Copies:

J. Andrew Langan
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654

*Attorneys for Defendant*
*BP America Inc., BP p.l.c., BP, P.l.c.*

Telephone: (312) 862-2064
Facsimile: (312) 862-2200
E-mail: andrew.langan@kirkland.com

16

Richard C. Pepperman, II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Individual Defendants*

Telephone: (212) 558-4000
Facsimile: (212) 291-9113
E-Mail: peppermanr@sullcrom.com